In your correspondence of February 20, 1979, you inquired of the Attorney General as to the following questions: (1) Under the provisions of Section 1, Chapter 85, O.S.L. 1978, 10, does the State Board of Education have the ability to deny accreditation to any school solely on the basis of average daily attendance ? (2) Is the ability to deny accreditation to a school applying for such accreditation for the first time governed by this same provision ? (3) What is the effect of this provision on any rules, regulations or policies of the State Board of Education which set minimum average daily attendance standards as a criterion of accreditation ? The legislation you referred to as Section 1, Chapter 85
O.S.L. 1978, 10, has been codified as part of the Oklahoma School Code under 70 O.S. 3-104 [70-3-104](10) (1978), and will hereafter be referred to as 70 O.S. 3-104 [70-3-104](10). Prior to its amendment in 1978 70 O.S. 3104 [70-3104](10) enumerated specific average daily attendances which local high schools had to attain in order to continue to be accredited. Prior law also made provision for probationary accreditation for high schools under certain circumstances when average daily attendance fell below the minimum standards established by statute. It would serve no useful purpose to recite at length those standards and the laws that existed prior to its latest amendment. It should be sufficient to state that all of the numerical standards for minimum average daily attendance contained in 70 O.S. 3-104 [70-3-104](10) prior to 1978 were entirely deleted and in lieu thereof the State Board of Education was expressly authorized to: "Promulgate rules and regulations governing the classification, inspection, supervision and accrediting of all public nursery, kindergarten, elementary and secondary schools in the state. However, no school shall be denied accreditation solely on the basis of average daily attendance." When one considers that the law prior to the 1978 amendment ex pressly stated, in detail, the average daily attendance which needed to be met in order for a high school to maintain its accreditation and that those provisions were subsequently deleted entirely in favor of language to the effect that "no school shall be denied accreditation solely on the basis of average daily attendance", one cannot escape the conclusion that it was the intent of the Legislature to remove from state law average daily attendance as the sole basis upon which to determine whether or not any school within the State of Oklahoma should be accredited. Therefore, in answer to your first question, the State Board of Education does not have the ability to deny accreditation to any school solely on the basis of average daily attendance. Your second question seeks a determination as to whether or not the provisions of 70 O.S. 3-104 [70-3-104](10) apply equally to schools seeking accreditation for the first time and those who are seeking reaccreditation. None of the provisions of 70 O.S. 3-104 [70-3-104] as amended in 1978 including Subsection (10), contain language which would enable one to discriminate between accreditation as a matter of initial concern for a new school or the reaccreditation of an existing school. The statute simply refers to the power of a State Board of Education to establish the standards by which schools in the State of Oklahoma will be accredited. Even under the most recent amended language of Section 3-104 the Legislature has specifically directed the State Board of Education to provide for excellence of education in Oklahoma by establishing standards for accreditation of all schools within the State. If the State Board of Education is to lawfully fulfill the Legislative mandate directed to it, it must necessarily have authority to apply the standards thus created to schools who are seeking reaccreditation and those schools who are seeking accreditation for the first time. Therefore, the answer to your second question is in the affirmative, any lawful standard adopted for the determination of what schools shall or shall not be accredited applies equally to schools who are being reaccredited and those which are being accredited for the first time. With respects to your third question, you have, in effect, asked this office to assess the impact of the amended language of 70 O.S. 3-104 [70-3-104](10) on existing rules, regulations or policies of the State Board of Education which continue to consider a minimum average daily attendance as a criterion for accreditation. Of course, it is immediately apparent from the language of the new amended version of 70 O.S. 3-104 [70-3-104](10) that average daily attendance has not been removed entirely as a basis for determining which schools shall and which schools shall not be accredited. The language here considered merely requires that average daily attendance not be the sole basis upon which the accreditation decision is made. One could conclude therefrom, that average daily attendance might continue to be one of the various factors to be considered in the process of determining whether or not a school should be accredited or reaccredited. This position is consistent with the only decision of the Oklahoma Supreme Court to consider substantially similar language in a legislative enactment, Oklahoma Farm Bureau v. State Board of Education, 444 P.2d 182 (Okl. 1968). In the Oklahoma Farm Bureau case, a legislative predecessor to the present provision codified as 70 O.S. 3-104 [70-3-104](10), that being 70 O.S. 2A-4 [70-2A-4](10) (1961) was construed by the Oklahoma Supreme Court wherein the Court said: "This statute neither was intended nor does it bear relation to the average attendance factor adopted by the Legislature in fixing standards for classification, inspection, supervision and accreditation of public schools. The power of the Legislature to delegate to the State Board of Education its own authority as respects establishment, control and change of school district cannot be questioned. A proper delegation of this power was evidenced by enactment of 70 O.S. 2A-4 [70-2A-4](10) (1961), authorizing the Board to make rules and regulations respecting accreditation of schools, based upon standards or factors therein enumerated. The rules adopted by the Board in order to implement determination of proper accreditation, including consideration of average daily school attendance as one factor or within the confines of the standards delineated by the Legislature as necessary to carry out the legislative policy declared in response to the constitutional obligation." In the past, when a school district fell below certain levels of minimum average daily attendance, and the condition persisted for a period of time specified in a statute, on that basis alone accreditation could be withheld from the affected school. Under the new amended language of 70 O.S. 3-104 [70-3-104], it is no longer permissible for accreditation to be withheld exclusively on the basis of minimum average daily attendance. This should not be taken to mean, however, that minimum average daily attendance may not be considered as one of the factors bearing upon whether a particular school should be accredited or reaccredited. Therefore, it is the opinion of the Attorney General that your third question may be answered by stating that 70 O.S. 3-104 [70-3-104](10) affects the rules, regulations and policies of the State Board of Education in that the State Board of Education may no longer withdraw or withhold accreditation to local schools exclusively by reason of their failure to meet minimum average daily attendance standards. (JOHN F. PERCIVAL) (ksg)